# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 2, 2026

```
* * * * * * * * * * * * * * * * * * * * * * * *
LORRAINE FERRUCCI,                *
on behalf of J.B.,                *
                                  *
            Petitioner,           *    Special Master Young
                                  *
v.                                *    No. 20-776V
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DISMISSAL DECISION**[1]

On June 25, 2020, Lorraine Ferrucci ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program[2] on behalf of her then minor granddaughter, Jaylah Black. Pet., ECF No. 1. Petitioner alleged that the administration of human papillomavirus 9 ("HPV9"), tetanus, diphtheria, pertussis ("Tdap"), and Menactra vaccines Ms. Black received on June 28, 2017, an influenza ("flu") vaccine administered on October 31, 2017, and a second dose of HPV9 received on December 29, 2017 caused her to suffer from "vaccine-induced acute cerebellar ataxia, acute vestibular neuropathy, ataxia, acute inflammatory demyelinating polyneuropathy, polyneuropathy, weakness, functional gate disorder[,] and conversion disorder," which was caused-in-fact or significantly aggravated by the administration of the vaccines. Pet. at 1.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On January 27, 2025, Petitioner filed an unopposed motion for a decision dismissing her petition. ECF No. 96. In her motion, Petitioner indicated that Ms. Black had now reached the age of majority and indicated "she does not want to proceed with her vaccine petition." *Id.* at 1. Petitioner maintained that she continued to suffer from her alleged injuries as caused by the vaccines alleged and that she would pursue her claim "in the Gardasil MDL in North Carolina." *Id.* Petitioner continued that she understood a dismissal of her claim would result in a judgment against her, and that she intended to protect her rights to file a future civil action and thus intends to elect to "reject the Vaccine Program judgment and elect to file a civil action" pursuant to 42 U.S.C. § 300aa-21(a)(2).

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). Petitioner does not allege a Table claim. The record does not contain persuasive evidence that Petitioner's alleged injury was caused by the vaccines alleged.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

IT IS SO ORDERED.

/s/ Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.